UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROY AUSTIN SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:05 CV 0047 |
| EVELYN RIDLEY-TURNER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Roy Smith, a prisoner committed to the Indiana Department of Correction ("IDOC"), submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was housed at the Indiana State Prison ("ISP"). The court screened Mr. Smith's complaint pursuant to 28 U.S.C. § 1915A and allowed him to proceed against ISP Superintendent Cecil Davis on the conditions of confinement claims contained in Counts XIV, XV, XVI, XVII, XX, XXII, and XXIII, of the complaint. Supt. Davis moves for summary judgment, pursuant to FED. R. CIV. P. 56, solely on the question of whether Mr. Smith exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Mr. Smith has responded to the defendant's summary judgment motion.

>  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires

> that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002). Exhaustion of administrative remedies is a condition precedent to suit in federal court. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 335.

"For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Burrell v. Powers,* 431 F.3d. 282, 285 (7th Cir. 2005), quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner who has

not appealed the dismissal of his grievance has not exhausted his administrative remedies for purposes of § 1997e(a). *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002).

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 534.

In support of his summary judgment motion, Supt. Davis submits the affidavit of ISP Grievance Specialist Karen Sabinske, a copy of the IDOC grievance procedure, and records of grievances Mr. Smith filed. The defendant's submissions establish that the IDOC had a grievance procedure in effect while Mr. Smith was housed at the Indiana State Prison, that the issues presented by Mr. Smith could be grieved using that procedure, and that Mr. Smith filed grievances dealing with these issues.

The fact that Mr. Smith filed grievances does not end the court's § 1997e(a) inquiry. The defendant's submissions establish that the IDOC grievance procedure has an appeals process by which a prisoner may appeal the denial of a grievance at the initial stage. Mr. Smith does not contest that the grievance procedure provided for an appeals process.

The defendant's submissions establish that while Mr. Smith filed several grievances dealing with the issues presented in his complaint, he did not appeal the denial of any of these grievances as required by IDOC policy. Because the defendant

3

met his initial obligation under Fed. R. Civ. P. 56, the burden shifts to Mr. Smith to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he exhausted his administrative remedies. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Mr. Smith responded to the motion for summary judgment with a motion in opposition, numerous exhibits, and an affidavit in which he swears under penalty of perjury that the statements he makes in his response are true and correct.

Mr. Smith argues in his response that ISP officials procedurally barred him from exhausting his administrative remedies by not adhering to the time limits established by IDOC policy. He states that the policy set time limits for officials to respond to initial grievances, but that officials took too long to deal with his grievances. He further states "that the failure of staff to respond in accordance with the established time limits at any stage of the process shall entitle the offender to move to the next stage of the process." (plaintiff's response at p.5). Mr. Smith states that grievance officials did not let him advance to step two of the grievance procedure when they missed the policy's time limits and that the delay in dealing with his initial grievances denied him access to step two of the grievance procedure.

But the defendant's submissions establish that grievance officials did respond to Mr. Smith's grievances, although not always within the time limits contemplated by IDOC policy. These submissions also reflect that Mr. Smith never filed an appeal of the denial of any of these grievances, and Mr. Smith does not assert in his response that he did appeal the initial denial of these grievances to step two of the grievance process. Because the appeals process was still available to Mr. Smith when

4

grievance officials denied his grievances, the delay in dealing with his initial grievances did not deny him access to step two of the grievance procedure, nor did the delay procedurally bar him from exhausting his administrative remedies. All he needed to do to exhaust his administrative remedies was to appeal the denial of his grievances.

A prisoner who does not take a timely administrative appeal of a grievance denial has not exhausted his administrative remedies for purposes of § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d at 125; *Dixon v. Page*, 291 F.3d at 490. Because Mr. Smith has not come forth with admissible evidence that he appealed the unfavorable result of his grievances or was procedurally barred from doing so, he has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court **GRANTS** the defendant's motion for summary judgment (docket #24) and **DISMISSES** this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

**SO ORDERED.**

ENTER: July 12, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT